# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Kurt Bostrom and Eleanor Bostrom, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 06 CV 1628 |
| | ) |
| Target Corporation, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge

Before us are the motions of Plaintiffs Kurt Bostrom and Eleanor Bostrom for leave to file an amended complaint, and to remand the action to state court. For the reasons set forth below, we deny both motions.

### FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiffs' allegations relevant to the motions are as follows. Kurt Bostrom and Eleanor Bostrom ("Plaintiffs") have at all relevant times been a lawfully wedded couple. (Compl. ¶ 9.) On or about January 9, 2006, Kurt Bostrom was shopping at a "Target store"

1

located within Cook County, Illinois. The store is owned and operated by the Defendant Target Corporation ("Target"), a company incorporated outside of Illinois and with its principal place of business outside of Illinois. (Compl. ¶¶ 1-3.)[1] While navigating a walkway located on store premises, Bostrom fell on torn, worn, and jumbled carpeting, suffering severe and disabling injuries. (Compl. ¶¶ 7-8.) Plaintiffs filed this action in the Circuit Court of Cook County, Illinois, alleging that in its maintenance of the walkway carpeting, Defendant Target breached its duty to exercise ordinary care in seeing that the store was reasonably safe for the use of those lawfully on store premises. (Compl. ¶ 4.)

On March 24, 2006, Target timely removed the litigation to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332 and § 1441. (Def. Notice of Removal ¶ 5.) Plaintiffs do not challenge this Court's jurisdiction over the action. Rather, they now seek to amend the complaint to add a non-diverse defendant, Dennis Thigles ("Thigles"), the Manager of the Target store where Bostrom was injured. (Pl. Proposed. Am. Compl. ¶ 4.) Because the addition of Thigles as a defendant would destroy complete diversity and, in turn, deprive this Court of subject matter jurisdiction over the action, Plaintiffs seek to remand the action to state court.

## ANALYSIS

Ordinarily, requests to amend pleadings are evaluated under Rule 15 of the Federal Rules of Civil Procedure, which establishes a permissive standard for amendments. *See* Fed. R. Civ. Pro. 15(a) ("leave shall be freely given when justice so requires")"; *see also Kortum v. Raffles Holdings LTD*, 2002 WL 31455994, at *3 (N.D. Ill. Oct. 30, 2002) (not reported in F. Supp. 2d).

---

[1] Defendant Target asserts – and Plaintiffs do not dispute that – it is a corporation organized and existing under Minnesota law with its principal place of business in Minneapolis, Minnesota. (Def. Notice of Removal ¶ 7.)

However, the Seventh Circuit has recognized that when a party has been joined after the case has been removed to federal court, the court should apply 28 U.S.C. § 1447 – which addresses post-removal procedures – in lieu of Rule 15. *Perez v. Arcobaleno Pasta Machines, Inc.*, 261 F. Supp. 2d 997, 1000 (N.D. Ill. 2003) (citing *Jass v. Prudential Health Care Plain, Inc.*, 88 F.3d 1482, 1492 (7th Cir. 1996)). Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[2]

We base our decision whether to permit joinder under § 1447(e) on equitable considerations. *Perez*, 261 F. Supp. 2d at 1001. Although the Seventh Circuit has not articulated the factors to consider in making this determination,[3] other courts in this district have relied upon the following four factors: (1) plaintiff's motivation in seeking to join the parties, particularly whether joinder is sought solely to defeat federal jurisdiction; (2) timeliness of the request; (3) any prejudice to the parties flowing from the motion; and (4) other equitable considerations, including defendant's interest in maintaining a federal forum. *Id.* at 1001 (citing *Kortum*, 2002 WL 31455994 at *3; *see also Vasilakos v. Corometrics Medical Systems, Inc.*, 1993 WL 390283 (N.D. Ill. Sept. 30, 1993). Additionally, courts in other districts within the Seventh Circuit have used substantially the same factors. *See, e.g.*, *Bridgestone/Firestone, Inc.*

---

[2]In diversity cases, post-removal joinder of a non-diverse party under § 1447(e) necessitates remand to state court. *See, e.g.*, *Jass v. Prudential Health Care Plain, Inc.*, 88 F.3d 1482, 1486 (7th Cir. 1996).

[3]The Seventh Circuit has determined that 28 U.S.C. § 1447(d) – which precludes appellate review of an "order remanding a case to the State court from which it was removed" – applies to preclude review of cases remanded under § 1447(e). *In re Florida Wire and Cable Co.*, 102 F.3d 866, 869 (7th Cir. 1996).

v. *Ford Motor Co.*, 129 F. Supp. 2d 1202, 1204 (S.D. Ind. 2001); *Land v. Yamaha Motor Corp., U.S.A.*, 2000 WL 33226317 (S.D. Ind. Dec. 20, 2000).[4]

In balancing the equities, we place greatest emphasis on the Plaintiffs' motive for seeking the amendment. *See Bridgestone/Firestone*, 129 F. Supp. 2d at 1207 (citing *Connelly v. General Motors Corp.*, 1986 WL 14140, at *2 (N.D. Ill. Dec. 8, 1986)). Of particular concern is whether joinder is sought solely to defeat federal jurisdiction. *Perez*, 261 F. Supp. 2d at 1001. Here, it appears that Plaintiffs only seek to add Thigles in order to defeat federal jurisdiction. *See Smith v. Wal-Mart Stores, Inc.*, 2003 WL 69558 (S.D. Ind. 2003). Further, we are unpersuaded that Plaintiffs' inability to add Thigles as a defendant would unduly prejudice them. On balance, we therefore find grant of leave to amend and remand to state court under § 1447(e) inappropriate, and accordingly deny both motions.

## I. Plaintiffs' Alleged Motive for Seeking to Join Thigles

Plaintiffs advance three arguments in support of their claim that their motive in seeking to join Thigles is legitimate. First, because "premise[s] liability cases often rest on the question of whether or not the defendant had notice of the defective condition," and Thigles is "the person who can answer this question," Plaintiffs assert that they have legitimate grounds for seeking to add him as a defendant. Second, Plaintiffs argue that, because "Thigles is the person with the

---

[4]Plaintiffs urge us to apply the demanding standard applicable to claims of "fraudulent joinder," (Pl. Reply Memo p.2-3,) which would place a very heavy burden on Defendant. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). However, that standard is inapposite given the procedural posture of this action. The applicable standard for determining whether to permit joinder *following* removal to federal court – governed by 28 U.S.C. § 1447(e) – is wholly distinct from the standard applicable to cases where the party is already joined at the time that the case is removed to federal court. *Compare id. with Perez v. Arcobaleno Pasta Machines, Inc.*, 261 F. Supp. 2d 997, 1000 (N.D. Ill. 2003).

4

most knowledge concerning this case, equity demands that Plaintiffs have control over [him]." (Pl. Reply p.3.) Third, Plaintiffs argue that a "jury may be more inclined to enter a verdict against Thigles than it would be against Target, as Thigles was directly involved in the tortuous [sic] action which gave rise to the accident, as opposed to Target, a corporation." (Pl. Reply p.4). Denying Plaintiffs the opportunity to add Thigles would, they claim, "severely impair[]" their "strategy and theory of liability before the jury." (*Id.* p.6.)

As to the first two arguments – the need to gain information from and "control" of Thigles – Plaintiffs fail to address why conducting discovery on Thigles and calling him as a non-party witness would not suffice. Indeed, Plaintiffs cite no specific procedural benefit to naming Thigles as a defendant. As to Plaintiffs' admittedly interesting argument that a jury would be more likely to enter a verdict against a store manager than a large corporation, we note that "[t]hey may obtain full recovery through [their] present lawsuit against [a retail corporation], including for any alleged acts of [employees]." *Smith*, 2003 WL 69558 at * 2.

## II. Timeliness of the Request

Plaintiffs waited approximately six months after filing this action in state court before seeking to add Thigles as a defendant, yet fail to provide a credible explanation for this delay. Though a six month delay alone is not terribly problematic in and of itself, see *Land*, 2000 WL 33226317 at *3, it is probative of Plaintiffs' motive in seeking to add Thigles as a defendant. *Cf. Smith*, 2003 WL 69558 at * 2 ("Plaintiffs have not provided a credible reason for the delay in naming [the new defendants] . . . . This delay is troubling, and supports the conclusion that Plaintiffs only sought to add these individuals to defeat federal jurisdiction.") (citing *Bridgestone/Firestone*, 129 F. Supp. 2d at 1205). And, as discussed above, Plaintiffs'

5

motivation in seeking the amendment is the most important factor to consider. *See Bridgestone/Firestone*, 129 F. Supp. 2d at 1207.

Here, Plaintiffs do not suggest that new information has surfaced regarding Thigles's role in Bostrom's alleged accident. Rather, they argue that a six month delay was justified because "Target has not made any discovery disclosures in this matter, and thus it was still necessary for Plaintiffs to conduct independent investigation in order to determine the *identity and residence* of the Store Manager." Thigles could not be joined as a defendant in the original complaint, Plaintiffs claim, because the "need to file a prompt complaint and preserve evidence obviated the need to immediately determine *the name of* the Store Manager." (*See* Pl. Reply Memo. p.5-6 (emphasis added)).

Assuming, *arguendo*, that Plaintiffs' need to preserve evidence may have justified some delay in joining Thigles, it nonetheless fails to justify the delay here. "When a plaintiff was aware at the time of the filing of her original complaint of the identity of the defendant she now seeks to add, there arises some suspicion of plaintiff's motives to amend." *Bridgestone/Firestone*, 129 F. Supp. 2d at 1205. Plaintiffs acknowledge that they simply needed to determine "the identity and residence of" the Target store manager. Notably, this implies that 1) at the time of the filing of the original Complaint, Plaintiffs were or should have been aware of the need – if any – to name the person serving as the Target store manager, whoever that person may have been; and 2) Thigles therefore would have been joined much earlier, had Plaintiffs been able to determine his identity and residence in fewer than six months. In short, the independent investigation here was little more than a matter of determining the store manager's name, and we are unpersuaded by Plaintiffs' assertion that the need to conduct such

investigation obviates the suspicion raised by their waiting to amend the Complaint for six months following removal. *See Bridgestone/Firestone*, 129 F. Supp. 2d at 1205.[5]

### III. Defendant's Interest in Maintaining a Federal Forum, and Potential Prejudice to Plaintiffs

Plaintiffs argue that denial of leave to amend will severely prejudice them "for all the reasons . . . as to why Thigles is a proper Defendant, namely notice, control and the jury's consideration of blameworthiness." (Pl. Reply p.6.) However, Plaintiffs will have the opportunity to conduct discovery on Thigles and to call him as a witness. Further, that some jury might conceivably be more willing to find an employee personally liable than it would a corporation is not sufficient to warrant divesting this Court of jurisdiction, nor does it suggest that Plaintiffs will be substantially prejudiced. *Cf. Smith*, 2003 WL 69558 at * 2 ("The Court's ruling does not prejudice Plaintiffs. They may obtain full recovery through [their] present lawsuit against [defendant-retail corporation], including for any alleged acts of [employees].").

Plaintiffs further argue that, because Defendant Target "has a large presence in Illinois and will likely not be seen by the jury as a 'foreign corporation,'" the "presumed bias which diversity jurisdiction seeks to avoid will not be a factor. (Pl. Reply p.7.) Though Defendant Target's in-state presence may well be probative of the strength of its interest in maintaining a federal forum, it has nonetheless correctly asserted that this interest is legitimate. (Def. Resp.

---

[5] Plaintiffs also point out that counsel became "seriously ill" following removal to this Court, and that it was not until additional counsel filed an appearance on their behalf that this motion for leave to amend was filed. This action was removed on March 24, 2006. (Def. Notice of Removal.) After counsel missed a May 11, 2006 hearing, we dismissed the case for want of prosecution. (Dkt. 7.) On May 23, Plaintiffs' counsel filed a motion to vacate that judgment and a supporting affidavit stating that, for three days in May, he was "home sick with flu like symptoms and conjunctivitis." (Dkt. 8-9.) Additional counsel did not file their appearance until September 14, 2006, the same day that they filed this motion. (Dkt. 21-22.) Thus, there is no reasonable basis for concluding that counsel's illness might explain the delay, here.

7

p.4.) Plaintiffs do not dispute that the parties are diverse, and "[c]ases examining questions of joinder and remand emphasize that defendants have 'a significant interest in proceeding in a federal instead of an out of state forum.' " *Bridgestone/Firestone,* 129 F. Supp. 2d at 1206 (quoting *Hart v. Dow Chemical*, 1997 WL 627645, at *6 (N.D. Ill. Sept. 30, 1997)). Indeed, "[g]iving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes." *Id.* at 1206-07 (quoting *Sexton v. G & K Services, Inc.*, 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999)). Thus, Plaintiffs have failed to establish that denial of these motions will give rise to prejudice or any other equitable concern sufficient to outweigh Defendant Target's interest in maintaining a federal forum.

## CONCLUSION

The balance of equities under § 1447(e) weighs heavily in favor of Defendant Target. Accordingly, for the reasons discussed above, Plaintiffs' motion for leave to amend the Complaint and remand the action to state court are denied. It is so ordered.

Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: November 21, 2006